Melendez, Michael A (308984)
Name and Prisoner/Booking Number

ASPC Florence / North Unit
Place of Confinement

P. O. Box 629
Mailing Address

Florence, AZ 85132
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 13 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Melendez, Michael Anthony,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Corizon Medical,
(Full Name of Defendant)

(2) and others,

(3) _____,

(4) _____,

Defendant(s).

■ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-18-08352-PCT-SRB--BSB
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

Jury Trial Demanded

■ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ■ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: ASPC Winslow / Winslow, AZ

550/555

(2) Ryan, Charles        (Director of DOC)                        — official & individual capacity
(3) Pratt, Richard       (Medical Director)                       — official & individual capacity
(4) Randles, Dennis      (Facility Health Administrator)          — official & individual capacity
(5) Perkins, Adam        (Facility Health Administrator)          — official & individual capacity
(6) Dr. Jordan           (Physician)                              — official & individual capacity
(7) DeWitt, Corie        (Director of Nursing)                    — official & individual capacity
(8) Brathwaite, Michael  (NP)                                     — official & individual capacity
(9) Mrs. Wilson          (CNA)                                    — official & individual capacity
(10) Jane Doe            (medical provider)                       — official & individual capacity
(11) Jane Doe (2)        (medical provider)                       — official & individual capacity
(12) Jane Doe (3)        (medical provider)                       — official & individual capacity

## B. DEFENDANTS

1. Name of first Defendant: Corizon Medical. The first Defendant is employed as: Health care provider of ADOC at ASPC Winslow / ASPC Florence.
   (Position and Title) (Institution)

2. Name of second Defendant: Ryan, Charles. The second Defendant is employed as: Director of ADOC at ADOC.
   (Position and Title) (Institution)

3. Name of third Defendant: Pratt, Richard. The third Defendant is employed as: Medical Director at ADOC.
   (Position and Title) (Institution)

4. Name of fourth Defendant: Randles, Dennis. The fourth Defendant is employed as: Facility Health Administrator at ASPC Winslow.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ■ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __1__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Melendez, Michael A. v. Lopez, Monica
      2. Court and case number: Tucson Div, U.S. Courthouse; CV-16-00182-Tuc-DS
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Pending; Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

5. Name of fifth Defendant: Perkins, Adam. The fifth Defendant is employed as: Facility Health Administrator at ASPC Florence.

6. Name of sixth Defendant: Dr. Jordan. The sixth Defendant is employed as: Physician at ASPC Winslow.

7. Name of seventh Defendant: DeWitt, Corie. The seventh Defendant is employed as: Director of Nursing at ASPC Winslow.

8. Name of eighth Defendant: Brathwaite, Michael. The eighth Defendant is employed as: NP at ASPC Winslow.

9. Name of ninth Defendant: Mrs. Wilson. The ninth Defendant is employed as: CNA at ASPC Winslow.

10. Name of tenth Defendant: Jane Doe. The tenth Defendant is employed as: medical provider at ASPC Winslow. (Signed HNR that was submitted 5/11/2018)

11. Name of eleventh Defendant: Jane Doe (2). The eleventh Defendant is employed as: medical provider at ASPC Winslow. (inputted "pos" TB test result with no follow up)

12. Name of the twelveth Defendant: Jane Doe (3). The twelveth Defendant is employed as: RN at ASPC Winslow. (Saw Plaintiff Melendez for 8/25/18 HNR on 8/27/18)

(2-a)

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: __8th amendment__

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) On May 11th, 2018, Plaintiff Melendez was incarcerated at ASPC Winslow/Apache unit and submitted a Health Needs Request regarding a dental concern. Defendant Jane Doe signed the Health Needs Request stating Plaintiff Melendez was scheduled to see dental. However, on August 10th, 2018, Plaintiff Melendez was informed by Dr. Boyd (intended witness) the dental appointment was never scheduled in response to the May 11th, 2018 Health Needs Request.
   
   Defendant Jane Doe's misleading actions demonstrates deliberate indifference towards Plaintiff Melendez's medical needs, causing denial of medical care.

   2) On August 31st, 2018, Defendant Jane Doe (2) entered a "positive" TB test result into Plaintiff Melendez's medical records. Despite the "positive" result, Defendant Jane Doe (2) did not refer Plaintiff Melendez to any further medical treatment.
   
   Defendant Jane Doe (2)'s deliberate indifference resulted in denial of medical care to Plaintiff Melendez's serious medical need.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Plaintiff Melendez was subjected to delayed medical care, denial of medical care, inadequate medical care, and further unnecessary physical and mental suffering.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

3) From May 11th, 2018 through August 10th, 2018, Plaintiff Melendez was seeking medical care for dental. During this time, Plaintiff Melendez would periodically ask Defendant Wilson to inform when the appointment would take place. Defendant Wilson would always reply by saying the appointment is scheduled, but unable to disclose when. On August 10th, 2018, Dr. Boyd (intended witness) confessed the discussed appointment was never scheduled, thus contradicting Defendant Wilson's repeated claims.

Defendant Wilson's misleading actions demonstrates deliberate indifference towards Plaintiff Melendez's serious medical needs, causing denial of medical care.

4) From June 26th, 2018 through August 13th, 2018, Plaintiff Melendez was seeking medical care, eye care specifically. During this time, Plaintiff Melendez would periodically ask Defendant Wilson to inform when the appointment would take place. Defendant Wilson would always reply by saying the appointment is scheduled, but unable to disclose when. On July 13th, 2018, RN Laurie (intended witness) contacted the individual who schedules for the eye doctor and discovered the discussed appointment was never scheduled, thus contradicting Defendant Wilson's repeated claims.

Defendant Wilson's misleading actions demonstrates deliberate indifference towards Plaintiff Melendez's serious medical needs, causing denial of medical care.

5) On August 27th, 2018, Defendant Jane Doe (3) saw Plaintiff Melendez in response to a Health Needs Request submitted on August 25th, 2018 requesting a follow-up with the eye doctor. During this appointment, Defendant Jane Doe (3) advised Plaintiff Melendez the referal was made. On September 21st, 2018, the director of nursing, Brown (intended witness) informed Plaintiff Melendez, Defendant Jane Doe (3) never made the referal.

Defendant Jane Doe (3)'s action demonstrates deliberate indifference towards Plaintiff

(3-a)

Melendez's serious medical needs.

6) Defendant Brathwaite met with Plaintiff Melendez in May 2018 regarding pain with back and ribs. Defendant Brathwaite advised there is no available treatment while in DOC. This claim was contradicted by Defendant Randles, and demonstrates Defendant Brathwaite's deliberate indifference towards Plaintiff Melendez's serious medical needs.

7) On June 29th, 2018, Defendant Brathwaite met with Plaintiff Melendez regarding pain from arthritis. Defendant Brathwaite prescribed meloxicam, and advised there is no further available treatment, which was contradicted by Defendant Randles. Defendant Brathwaite's misleading claim demonstrates deliberate indifference towards Plaintiff Melendez's serious medical needs.

8) On June 25th, 2018, Defendant Brathwaite met with Plaintiff Melendez regarding on going eye pain. Defendant Brathwaite reordered eye drops, which were proven to be inadequate. Defendant Brathwaite claimed to submitted a referral for Plaintiff Melendez to see an eye doctor, which did not occur. Plaintiff was later advised by a doctor the diagnoses was basic, the proper medication was stocked at the complex, and could have been handled by Defendant Brathwaite. This demonstrates deliberate indifference towards Plaintiff Melendez's serious medical needs.

9) On July 20th, 2018, Defendant Dr. Jordan met with Plaintiff Melendez concerning on going eye pain. Despite Plaintiff Melendez's plea for relief from the suffering brought on by eye pain, Defendant Dr. Jordan was deliberately indifferent towards the severity of Plaintiff Melendez's serious health needs. Defendant Dr. Jordan claimed an oral medication to alleviate the pain was ordered, and would schedule an

(3-B)

appointment with the eye doctor. Plaintiff Melendez never received the medication, and suffered for an additional 3 weeks before seeing the eye doctor.

10) Between July 6th, 2018 and September 5th, 2018, Defendant DeWitt has demonstrated deliberate indifference by interfering with Plaintiff Melendez's right to adequate medical care. Defendant DeWitt has numerously failed to answer Plaintiff Melendez's medical concerns, despite policy dictating Defendant DeWitt's medical position is responsible for doing so.

11) Defendant DeWitt utilized deceitful tactics in order to avoid resolving Plaintiff Melendez's concerns, to include on August 2nd, 2018, Defendant DeWitt gave Plaintiff Melendez a signed document stating COIII Morales (intended witness) was aware of Defendant DeWitt not answering within the timeframe outlined by DOC. COIII Morales confirmed this to be false. The intentional use of deceit demonstrates deliberate indifference.

12) On August 14th, 2018, Defendant Randles interfered with Plaintiff Melendez's right to adequate health care by discouraging Plaintiff Melendez from submitting medical concerns, despite the medical concerns were proven to have merit.

13) Defendant Randles demonstrated deliberate indifference as a supervisor towards Plaintiff Melendez's right to adequate medical care by three different ways: 1) Defendant Randles created a custom that violates policy; 2) Defendant Randles failed to adequately train subordinates; 3) Defendant Randles learned of multiple and continual violations and failed to address and correct the issues.

Plaintiff Melendez submitted multiple medical concerns through Inmate Letters,

(3-C)

Informal Resolutions, formal Grievances, and through direct personal contact. Most of Plaintiff Melendez's submissions were never responded to, and the ones that were responded to came after the deadlines. The quantity of times the responses came after deadline, or not at all, makes it evident Defendant Randles created a custom, which allows subordinates to maintain deliberate indifference towards addressing serious medical needs.

The practice of the medical staff to continuously show deliberate indifference towards medical concerns, and Defendant Randles' own confession the medical staff has made multiple mistakes which interfered with adequate medical care, proves Defendant Randles' failure to adequately train subordinates.

Plaintiff Melendez raised the issue of subordinates being indifferent towards serious medical needs on multiple occasions to Defendant Randles, who failed to address and correct the issue. This failure to act further exhibits deliberate indifference as a supervisor.

14) On November 23rd, 2018, Plaintiff Melendez received a response from Defendant Perkins, the facility Health Administrator at the Florence Complex, to the September 12th, 2018 grievance regarding concerns with medical care. The response's deadline was October 3rd, 2018, making it received substantially beyond the deadline. The excessive length of time for the response demonstrates the deliberate indifference Defendant Perkins has towards Plaintiff Melendez's serious health needs.

15) On September 6th, 2018, Plaintiff Melendez was transferred from ASPC Winslow to ASPC Florence. This move was initiated by Defendant Randles after a staff meeting, which included Defendant DeWitt and Defendant Brathwaite. The aforementioned Defendants claim the move was due to Plaintiff Melendez's increased mental health needs,

(3-D)

despite the only medical documentation in Plaintiff Melendez's records supports a decreased need for mental health support. The decision to move Plaintiff Melendez was an abuse of authority to accommodate a self interest, instead of addressing Plaintiff Melendez's serious medical needs, which is an exhibition of deliberate indifference.

16) Defendant Corizon is responsible for all its staff's actions. The Defendants who demonstrated deliberate indifference are employed through Corizon. Corizon is the health care provider for Arizona Department of Corrections.

17) Defendant Pratt, medical director of ADOC, has demonstrated deliberate indifference as a supervisor towards Plaintiff Melendez's right to adequate medical care. Defend Pratt allowed a culture to exist where the facility health administrator at two separate complexes have deliberate indifference towards the right to adequate medical care, which further created and allowed a culture for the subordinates to demonstrate the same deliberate indifference. Defendant Pratt is well aware of the continual, inadequate medical care Corizon has been providing, and has failed to address and correct this serious issue.

18) Defendant Ryan, Director of DOC, has the obligation to ensure the health and safety of the inmates, but has failed to address and correct the well known inadequate medical care Corizon has been continuously providing, demonstrating Defendant Ryan's deliberate indifference to the right of adequate medical care for prisoners.

# COUNT II

1. State the constitutional or other federal civil right that was violated: 14th amendment

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) On September 6th, 2018, Plaintiff Melendez was transferred from ASPC Winslow to ASPC Florence. This move was initiated by Defendant Randles after a staff meeting, which included Defendant DeWitt and Defendant Braithwaite. The aforementioned defendants claim the move was due to Plaintiff Melendez's increased mental health needs, despite the only medical documentation in Plaintiff Melendez's file supports a decreased need for mental health support.
   The Defendants' decision to transfer Plaintiff Melendez to a different facility was an act of retaliation for filing grievances, and was an act to prevent Plaintiff Melendez from filing a law suit.

   2) Defendant Corizon is responsible for all of its staffs' actions. The Defendants who demonstrated deliberate indifference are employed through Corizon. Corizon is the health care provider for Arizona Department of Corrections.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff Melendez was subjected to retaliation, which interfered with Plaintiff Melendez's right to proceed with legal action, caused great delay in medical care, and subjected Plaintiff Melendez to further unnecessary physical and mental suffering

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: _____

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?                 ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff Melendez requests an order declaring the Defendants have acted in violation of the United States Constitution.

Plaintiff Melendez requests no less than $750,000 as compensatory damages and punitive damages, plus additional relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  November 30th, 2018
             DATE                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.