**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Michael Anthony Melendez, | No.  CV 18-08352-PCT-SRB (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Medical, et al., | |
| Defendants. | |

On December 13, 2018, Plaintiff Michael Anthony Melendez, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  On April 10, 2019, after being directed to do so, Plaintiff filed a non-prisoner Application to Proceed In District Court Without Prepaying Fees or Costs.  In an April 22, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 22, 2019, Plaintiff filed his First Amended Complaint (Doc. 11).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his First Amended Complaint, Plaintiff sues Corizon Medical ("Corizon"), Arizona Department of Corrections (ADC) Director Charles L. Ryan, Medical Director Richard Pratt, Facility Health Administrator Dennis Randles, Director of Nursing Corie DeWitt, and Nurse Practitioner Michael Braithwaite. Plaintiff asserts a claim of inadequate medical care and seeks declaratory and monetary relief.

Plaintiff alleges that in May 2018, he met with Defendant Braithwaite regarding pain he was suffering in his back and ribs, which had been injured in a motorcycle accident. Plaintiff asserts that the Veterans Affairs Hospital ("VA Hospital"), at some point, determined that those injuries would not heal properly on their own. Plaintiff claims Braithwaite knowingly, incorrectly advised him that no treatment for his back and ribs was available in ADC. Plaintiff further alleges that on June 29, 2018, Braithwaite met with Plaintiff regarding pain Plaintiff was suffering as a result of rheumatoid arthritis, which had been diagnosed by the VA Hospital in 2013. Plaintiff asserts that Braithwaite again knowingly, incorrectly advised Plaintiff that no treatment for rheumatoid arthritis was available in ADC.

Plaintiff alleges that he filed multiple grievances regarding these "issues," which were ultimately "answered" by Defendant Randles. Plaintiff asserts that Randles "confirmed" that treatment was available for Plaintiff's back and rib injuries and rheumatoid arthritis and that Defendant Braithwaite had prescribed treatment for similar issues in the past, but the treatments were not commonly prescribed "due to company financial management." Plaintiff contends that Braithwaite had an obligation to ensure Plaintiff received proper medical care, and Braithwaite's denial of available medical care for Plaintiff's diagnosed serious medical condition for a company's financial gain demonstrates Braithwaite's deliberate indifference to Plaintiff and subjected him to further unnecessary pain and suffering.

Plaintiff alleges that between July 6, 2018 and September 5, 2018, Defendant DeWitt "interfered" with Plaintiff's right to adequate medical care by "numerously" and

intentionally refusing to respond to Plaintiff's medical grievances, in which Plaintiff stated, among other things, that he had not received treatment for severe, unbearable eye pain that would not heal on its own. Plaintiff asserts that DeWitt did respond to one grievance after the deadline, but only after an additional grievance was filed after a response was not received before the deadline. Plaintiff claims DeWitt "did not care to address" Plaintiff's grievances regarding his serious medical conditions, despite ADC's policy and the Court's orders in *Parsons v. Ryan*, CV 12-00601-PHX-ROS (D. Ariz.), which Plaintiff asserts "dictat[ed]" that DeWitt is obligated to address Plaintiff's conditions. Plaintiff alleges that DeWitt "would utilize acts of deceit in order to cover up the purposely failed fulfillment" of her obligations, including an incident on August 2, 2018, in which DeWitt submitted to Plaintiff a signed document stating that DeWitt's grievance response—which, according to Plaintiff, was late and therefore no longer valid—was authorized to "go past deadline" by non-party CO IV Morales. Plaintiff asserts that CO IV Morales has "stated to have no knowledge of the situation" and does not possess the authority to authorize such an extension. Plaintiff claims that CO IV Morales confirmed with Defendant Randles that this was "an act of deceit."

Plaintiff contends that Defendant DeWitt's failure to fulfill the obligations "set forth by a federal court" and ADC policy and using deceit to cover her refusal to perform those obligations demonstrates DeWitt's knowledge of her obligations and willingness to purposely disregard them. Plaintiff asserts that DeWitt's behavior shows her deliberate indifference to Plaintiff's serious medical needs and caused "great, unnecessary interference" with Plaintiff's ability to obtain adequate medical care to address a serious medical condition that was causing him an immense amount of pain and suffering.

Plaintiff alleges that on August 14, 2018, Defendant Randles "interfered" with Plaintiff's right to adequate medical care by "discouraging" any further submission of medical grievances. Plaintiff asserts that he explained to Randles that he had multiple, separate medical issues, and per ADC policy, only one issue could be addressed in each submission. Plaintiff claims that, although his "submissions" were filed properly and had

merit, Randles asked him to stop filing and stated that it was "only a way to distract the medical staff from previous submissions of concerns, and the submissions were unappreciated." Plaintiff alleges that, per federal and state law and ADC policy, he had a right to request resolution for all medical concerns "completely obstacle free, to include discouragement from any staff member." Plaintiff asserts that Randles occupies the highest medical staff position in the facility, and because of Randles's position, Plaintiff "felt very intimidated" and became fearful of repercussions if he continued "the use of rights." Plaintiff claims this caused him an unnecessary high level of anxiety, mental anguish, and suffering.

Plaintiff alleges that between July 2018 and September 2018, Defendant Randles demonstrated deliberate indifference "as supervisor" to Plaintiff's right to adequate medical care in two ways: first, Randles "learned of" multiple serious issues affecting Plaintiff's adequate medical care and failed to address the issues; and second, Randles created a custom that allows for "blatant violation" of federal and state law and ADC policy. Plaintiff asserts that during that time, he submitted "numerous concerns" regarding not receiving medical care for his multiple health issues, but Randles did not take any steps to resolve the issues, such as ensuring that the medical staff actually addressed Plaintiff's complaints of pain. Plaintiff contends that Randles intentionally refusing to fulfill his obligations demonstrated deliberate indifference to Plaintiff's serious medical needs and caused him unnecessary pain and suffering.

Plaintiff further alleges that Defendant Randles "was also made aware" that his subordinate, Defendant DeWitt, was intentionally interfering with Plaintiff's ability to obtain adequate medical care. Plaintiff claims he made Randles "aware of this ongoing issue" through grievances, personal interaction, and "by" CO IV Morales, but Randles failed to take any steps to address the issues or prevent them from reoccurring. Plaintiff contends that Randles had an obligation to "address this," and when he failed to do so, he demonstrated deliberate indifference as a supervisor, and in turn, "condoned a culture that allows subordinates to provide inadequate health care," which subjected Plaintiff to pain

and suffering.

Plaintiff asserts that on September 6, 2018, he was transferred from ASPC-Winslow to ASPC-Florence, and the transfer was "initiated" by Defendant Randles and "supported" by Defendants DeWitt and Braithwaite. Plaintiff claims ADC can transfer an inmate without notice for the benefit of the department but cannot do so in retaliation or in an attempt to dissuade an inmate from pursuing any legal course of action. Plaintiff alleges that the transfer was an act of retaliation by Randles, DeWitt, and Braithwaite and an attempt to not address Plaintiff's medical concerns while seeking to avoid any legal repercussions by dissuading Plaintiff from submitting any additional grievances or "legal filing[s]." Plaintiff asserts that the decision to transfer him came immediately after he advised "the defendants" that it was evident that no action would be taken by the staff to resolve Plaintiff's ongoing medical concerns and that he intended to file a lawsuit.

Plaintiff contends Defendants Randles, DeWitt, and Braithwaite's malicious intention is evident from their explanation for the transfer. Plaintiff claims that in the official documentation, Randles explained that a "severe need for mental health services" for Plaintiff necessitated the transfer, although neither Randles, DeWitt, nor Braithwaite is a mental health provider or ever "professionally [saw]" Plaintiff for any mental health need. Plaintiff alleges that, despite the claimed reason for the transfer, he never received "more intense mental health treatment." Plaintiff asserts that no medical documentation was ever noted regarding the transfer, and his mental health score was not changed to support a medical transfer. Plaintiff claims that his mental health records and Corizon's mental health specialist contradict the purported need to transfer him for any mental health needs. Plaintiff contends this proves the transfer was based on fraudulent medical claims and abuse of authority by Randles, DeWitt, and Braithwaite. Plaintiff asserts that the malicious intent to dissuade him from continually seeking adequate medical care unnecessarily subjected him to further pain and suffering and demonstrated deliberate indifference to his serious medical needs.

Plaintiff alleges that Defendant Pratt demonstrated deliberate indifference as a

supervisor.  Plaintiff asserts that Pratt is responsible for all the medical staff's actions and "has been put on significant notice" of "substantial inadequate healthcare" being provided throughout ADC.  Plaintiff claims that Pratt condones a culture that encourages inadequate health care, which was "confirmed by a federal court" when Pratt was "held in contempt of court" in June 2018.  Plaintiff contends this resulted from "not being in compliance" with a 2014 court order to improve medical care in ADC.  Plaintiff alleges that Pratt was "well aware" of this culture and continued to refuse to address the issues.  Plaintiff asserts that by allowing this culture to continue, Pratt "encouraged" Defendants Randles, DeWitt, and Braithwaite not to address Plaintiff's serious medical needs.  Plaintiff claims he put "the defendants" on "well-established notice" of his suffering through numerous grievances and personal meetings.

Plaintiff alleges that Defendant Ryan is obligated to ensure the health and safety of inmates but has failed to address and correct the well-known inadequate medical care inmates have been receiving throughout ADC.  Plaintiff asserts that Ryan was put on notice that "a serious inadequate medical care culture existed" through the *Parsons* litigation, and Ryan was "proved to be deliberately indifferent" toward that culture when he was held in contempt of court in June 2018.  Plaintiff contends that by allowing this culture, which condoned providing inadequate medical care for inmates, to continue, Ryan encouraged Defendants Randles, DeWitt, Braithwaite, and Pratt to not address Plaintiff's serious medical needs.  Plaintiff asserts that this subjected him to further unnecessary pain and suffering.

Plaintiff alleges that Defendant Corizon is responsible for all its staff's actions.  Plaintiff asserts that Corizon has been "put on significant notice" of "substantial inadequate health care" being provided throughout ADC.  Plaintiff contends Corizon condoned a culture that encouraged inadequate health treatment for financial gain, which has been "confirmed" by the state.  Plaintiff claims that, because of the severity of Corizon's deliberate indifference, Corizon lost its medical contract with the state, despite being the most competitive bidder.  Plaintiff alleges that the culture Corizon condoned subjected him

to further unnecessary pain and suffering, and because of this culture, Defendants Randles, DeWitt, Braithwaite, and Pratt were all encouraged not to address Plaintiff's serious medical needs. Plaintiff claims he put "the defendants" on "well-established notice" of the suffering he was enduring through numerous grievances and personal meetings.

## III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

### A. Defendant Corizon

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1138-39; *Buckner*, 116 F.3d at 452.

Plaintiff has not alleged that any of the conduct described in the First Amended Complaint was the result of a specific policy or custom of Defendant Corizon. Plaintiff's vague and conclusory allegation that Corizon "condoned" a culture that encouraged inadequate health treatment for financial gain is insufficient. Furthermore, although Plaintiff asserts that Defendant Randles told him that treatments for pain and rheumatoid arthritis were available but were not commonly prescribed "due to company financial management," Plaintiff does not allege facts to support that he was denied treatment pursuant to any policy of Corizon. Thus, the Court will dismiss without prejudice Defendant Corizon.

### B. Defendants Ryan and Pratt

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates[,]" and a sufficient causal connection between his or her wrongful conduct and the violation. *Id.*

Here, Plaintiff's allegations do not support that Defendants Ryan and Pratt were deliberately indifferent to Plaintiff's serious medical needs. First, Plaintiff does not allege any facts to support that either Ryan or Pratt was even aware of *Plaintiff's* serious medical needs. It is irrelevant whether Ryan and Pratt were generally aware of problems with health

care within ADC.[1]  Moreover, Plaintiff does not allege any facts to support that either Ryan or Pratt was aware of any unconstitutional conduct by Defendants Randles, DeWitt, or Braithwaite.  Plaintiff's vague and conclusory allegation that they were "put on significant notice" of inadequate medical care is insufficient.  Accordingly, Plaintiff has failed to state a claim against Defendants Ryan and Pratt, and these Defendants will be dismissed.

## C.    Medical Care

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S.

---

[1] To the extent that any of Plaintiff's claims are based on the *Parsons* litigation, Plaintiff fails to state a claim.  The settlement agreement in *Parsons* does not afford a basis for relief in this case.  Plaintiff may not enforce the decrees entered in *Parsons* in a separate civil rights action.  *See Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996); *DeGidio v. Pung*, 920 F.2d 525, 534 (8th Cir. 1990); *Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Moreover, standing alone, remedial orders, such as that entered in *Parsons*, cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws."  *Green*, 788 F.3d at 1123-24.  Rather, remedial decrees are the means by which unconstitutional conditions are corrected.  *Id.* at 1123.

97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Under Ninth Circuit law, a defendant can be liable for failure to act. *Taylor*, 880 F.2d at 1045. Generally, whether a defendant's denial of administrative grievances is sufficient to state a claim depends on several facts, including whether the alleged constitutional violation was ongoing, *see e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010), and whether the defendant who responded to the grievance had authority to take action to remedy the alleged violation, *see Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009).

To the extent that Plaintiff has simply made vague and conclusory allegations against Defendants Randles, DeWitt, and Braithwaite collectively, without any factual specificity as to what any particular Defendant did or failed to do, his allegations are insufficient. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d

1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

### 1. Defendant Randles

Plaintiff's claims against Defendant Randles are primarily based on his position as a supervisor. As noted above, there is no respondeat superior liability under § 1983. Thus, Randles's position as supervisor, in itself, is insufficient to state a deliberate indifference claim against him. Plaintiff's allegations that Randles failed to respond to his serious medical needs are too vague and conclusory to state a claim based on supervisory liability. Plaintiff alleges that Randles learned of multiple serious issues affecting the adequacy of Plaintiff's medical care and failed to address the issues, and Randles created a custom that allows for "blatant violation" of federal and state law and ADC policy. Plaintiff further alleges that he submitted "numerous concerns" regarding not receiving medical care for his multiple health issues, but Randles did not take any steps to resolve the issues. Plaintiff does not provide any factual detail about when or how Randles learned of "multiple serious issues" affecting Plaintiff's medical care or how Randles's failure to address those issues amounted to deliberate indifference. Plaintiff claims he made Randles aware of his "issues" through grievances and personal interaction, but he does not specify when or to whom he submitted a grievance or grievances; the information he included in any such grievance; the response, if any, to any grievance; how the response or lack of response amounted to deliberate indifference; or when and with whom Plaintiff personally interacted regarding his medical care. In addition, Plaintiff does not describe the "custom" Randles allegedly created, how it allows for "blatant violation" of federal and state law and policy, or how the custom amounts to deliberate indifference.

With respect to Plaintiff's allegations that Defendant Randles discouraged him from filing additional medical grievances, mere discouragement, or even an outright threat, is insufficient to state a claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.

1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983'") (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (defendants' threats of bodily harm to convince plaintiff not to pursue legal redress were insufficient to state a claim under § 1983; "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong").

Moreover, although Plaintiff alleges that his transfer was retaliation for his grievances and statement of his intent to file a lawsuit, he does not allege facts sufficient to support that he was transferred *because of* any protected conduct, that the transfer chilled his exercise of his First Amendment rights, or that the transfer did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, Plaintiff has failed to state a retaliation claim.

### 2. Defendant DeWitt

Plaintiff's allegations do not state a claim against Defendant DeWitt. First, Plaintiff vaguely alleges that DeWitt "numerously" and intentionally failed to respond to his grievances, but, with one exception concerning eye pain, he provides no specific details about the grievances, such as when he submitted them, or the information he included in the grievances. Plaintiff also fails to allege facts to support that DeWitt's failure to respond to his grievances amounted to deliberate indifference to his serious medical needs. Finally, even if it is true, as Plaintiff alleges, that DeWitt deliberately falsely stated that CO IV Morales had authorized her to respond to Plaintiff's grievance after the deadline, that does not amount to deliberate indifference to Plaintiff's serious medical needs. Plaintiff fails to allege facts to support that DeWitt's delayed response put Plaintiff at substantial risk of serious harm. In addition, mere violation of a Department Order or prison policy does not amount to a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (citations omitted). Thus, Plaintiff fails to state a claim against Defendant DeWitt, and this Defendant will be dismissed.

### 3. Defendant Braithwaite

Plaintiff's allegations against Defendant Braithwaite are too vague and conclusory to state a deliberate indifference claim. Plaintiff claims Braithwaite knowingly, incorrectly advised him that there was no other available treatment for his back and rib injuries and rheumatoid arthritis, which Defendant Randles later "contradicted." However, Plaintiff does not specify when or how Randles "contradicted" Braithwaite's statement, what other treatment was available, what treatment Braithwaite provided, or how the treatment Braithwaite provided was inadequate. Furthermore, Plaintiff has not alleged facts to support that Braithwaite's failure to provide available treatments rose to the level of deliberate indifference. That is, Plaintiff does not allege facts to support that Braithwaite denied treatment for Plaintiff's serious medical needs, despite knowing of those needs and the treatments, and despite knowing that the failure to provide treatment posed a substantial risk to Plaintiff's health. Accordingly, Plaintiff fails to state a deliberate indifference claim against Defendant Braithwaite, and this Defendant will be dismissed.

## IV. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court

will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring

a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 11) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

….

….

….

….

….

….

….

….

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 5th day of June, 2019.

_____
Susan R. Bolton
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

7. <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
       A certificate of service should be in the following form:

       I hereby certify that a copy of the foregoing document was mailed
       this _____ (month, day, year) to:
       Name:        _____
       Address:_____
                         Attorney for Defendant(s)

       _____
       (Signature)

9. <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.   Counts.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   Issue Involved.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   Injury.   State precisely how you were injured by the alleged violation of your rights.

5.   Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

### Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

### Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
  ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
  ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
  ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
<span style="text-align:center">(Position and Title)                                    (Institution)</span>

2.    Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
<span style="text-align:center">(Position and Title)                                    (Institution)</span>

3.    Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
<span style="text-align:center">(Position and Title)                                    (Institution)</span>

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
<span style="text-align:center">(Position and Title)                                    (Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.    Parties: _____ v. _____
       2.    Court and case number:  _____.
       3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.   Second prior lawsuit:
       1.    Parties: _____ v. _____
       2.    Court and case number:  _____.
       3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.   Third prior lawsuit:
       1.    Parties: _____ v. _____
       2.    Court and case number:  _____.
       3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
    ☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
    ☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
         your institution?                                                                        ☐ Yes          ☐ No
    b.   Did you submit a request for administrative relief on Count II?          ☐ Yes          ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?          ☐ Yes          ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
         did not.   _____
         _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what
    **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without
    citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?      ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                  DATE                                             SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.